This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

**v.**                                                                     **No. 35,316**

**MICHAEL CHAVEZ**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Twila A. Hoon
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Defendant appeals from the district court's affirmance of his convictions after a jury trial in metropolitan court for driving while under the influence of intoxicating

liquor, failure to maintain lane, and open container. This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In our calendar notice, we noted that the district court issued a thorough, well-reasoned memorandum opinion, presenting the facts and arguments of the case and the district court's analysis in response thereto. [CN 2] After observing that Defendant raised the same issues in his appeal to this Court as he did in his on-record appeal to the district court, we proposed to agree with the district court in its factual presentation, analysis, and conclusion. [CN 2] Consequently, we proposed to adopt the district court's memorandum opinion for purposes of this appeal. [CN 2]

{3}     We invited Defendant to present any specific objections to the facts or the law as presented by the district court in its memorandum opinion—as he would to any other proposed disposition from this Court—with a memorandum in opposition filed within the time allowed. [CN 2-3] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). In response to this Court's calendar notice, defense counsel has restated the facts and proceedings that were already presented to this

Court in Defendant's docketing statement. [*Compare* MIO 1-14 *with* DS 1-16] The facts included in the memorandum in opposition do not appear to include any new information as compared with the facts and proceedings described in Defendant's docketing statement—in fact, the statements of fact in both are substantially identical—and counsel has not pointed out whether any of the facts asserted are contrary to those relied on by this Court in our notice of proposed disposition. We remind counsel that the repetition of material that has already been presented to the Court, with no indication as to which parts, if any, contradict the facts relied upon by the district court or this Court or which parts, if any, are responsive to the notice of proposed disposition, is unnecessary and creates additional work for both this Court and the parties. We request that counsel refrain from this practice in any future pleadings she may file with this Court.

{4} Notably, Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice or in the district court's memorandum opinion. *See Hennessy*,1998-NMCA-036, ¶ 24. In fact, Defendant makes no mention whatsoever of the district court's memorandum opinion in his memorandum in opposition; instead, he simply recites the facts that had already been placed before the district court in his statement of appellate issues [RP 87-98] and before this Court in his docketing statement, and presents us with the same arguments he made before the district court and in his docketing statement. [*See generally* MIO 1-28]

{5}    We conclude that Defendant has not met his burden on appeal. Accordingly, for the reasons stated above, as well as those provided in our notice of proposed disposition, we affirm.

{6}    **IT IS SO ORDERED.**

                                              _____

                                              **MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**